IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ORENTHAL MARCEL BUTLER,            )<br>    Petitioner,                                  )<br>                                                      )<br>v.                                                    )<br>                                                      )<br>J. C. STREEVAL,                              )<br>    Respondent.                            ) | Civil Action No. 7:20-cv-00732<br><br>By: Elizabeth K. Dillon<br>    United States District Judge |

## MEMORANDUM OPINION

Orenthal Marcel Butler, a federal inmate proceeding *pro se*, filed a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241, alleging that his continued detention is unconstitutional. Butler asserts that under *Rehaif v. United States*, __ U.S. __, 139 S. Ct. 2191 (2019), his 2010 conviction under 18 U.S.C. § 922(g) is invalid. *See In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000) (hereinafter "*Jones*") (allowing § 2241 challenge to federal conviction). He also relies upon the Fourth Circuit's decision in *United States v. Lockhart*, 947 F.3d 187 (4th Cir. 2020).[1] Respondent has filed a response in opposition, arguing that the petition should be dismissed because the court lacks jurisdiction over it, Butler has procedurally defaulted his claims, and his claims fail on the merits.

For the reasons set forth herein, the court concludes that it lacks jurisdiction over Butler's § 2241 petition. Thus, the court will grant respondent's motion and dismiss the petition without prejudice for lack of jurisdiction.

---

[1] The petition also points to *United States v. Gary*, 954 F.3d 194 (4th Cir. 2020), as supporting relief. *Gary*, however, was reversed by the Supreme Court in *Greer v. United States*, 141 S. Ct. 2090 (2021), which was a consolidated appeal of *Gary* and the Eleventh Circuit's decision in *United States v. Greer*, 798 F. App'x 483 (11th Cir. 2020).

I.  BACKGROUND

**A.  Butler's Criminal Case**[2]

On January 7, 2010, Butler pled guilty in the Southern District of Florida, Case No. 1:09-cr-21015-KMM, to four counts of a six-count indictment.[3] Specifically, he pled guilty to conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846 (Count 1); being a felon in possession of a firearm, in violation of 18 U.S.C. § 922 (Count 3); possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924 (Count 4); and forcible assault on a federal officer with a deadly and dangerous weapon, in violation of 18 U.S.C. § 111 (Count 5). The other two counts (Counts 2 and 6) were dismissed. *Butler*, ECF Nos. 40, 41. He was sentenced on April 8, 2010, to an aggregate term of 420 months imprisonment, five years supervised release, and a special assessment of $400.00, with restitution later calculated as $15,104.98.[4] *Id.*, ECF Nos. 68, 69, 89. Butler appealed his conviction and sentence, which appeal the Eleventh Circuit denied because of Butler's appeal waiver. *Id.*, ECF No. 95.

**B.  Butler's Prior Felonies**

Butler's criminal history prior to the conviction he challenges is important to his *Rehaif* claim. The record discloses that, prior to his committing the felon-in-possession offense in Count 3, Butler had six prior felony convictions. Sent. Tr .at 12, 17–19, *Butler*, ECF No. 93; This was in addition to misdemeanor charges and a number of juvenile offenses. Significantly,

---

[2] Presumably as the result of a drafting error, respondent includes a paragraph in its opposition that references trial testimony and other testimony from a different case. (Opp'n at 12.) The underlying record confirms that Butler pled guilty to the offenses.

[3] The court will cite to docket entries in the underlying criminal case as "*Butler*, ECF No. __." Citations to docket entries in the case at bar will appear in parentheses as "Dkt. No. __."

[4] Butler's sentence was subsequently reduced to 383 months pursuant to Amendment 782 of the United States Sentencing Guidelines (USSG). *Butler*, ECF Nos. 107, 113.

his prior felonies include one, at age 21, for being a felon in possession of a firearm.  Sent. Tr. at 19.[5]

## C. Butler's Collateral Attacks On His Conviction and/or Sentence

Butler, through counsel, filed a motion to vacate, correct, or set aside his sentence pursuant to 28 U.S.C. § 2255 on July 16, 2012.  *Butler*, ECF No. 96.  That was followed by a *pro se* § 2255 motion on August 7, 2012, in the sentencing court, *id.*, ECF No. 99, and both alleged that he had received ineffective assistance of counsel.  The district court denied the motion to vacate.  *Butler v. United States*, No. 1:12-cv-22897, ECF No. 14.

On May 15, 2017, Butler filed another § 2255 motion in the sentencing court based on the Supreme Court's decisions in *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *Mathis v. United States*, 136 S. Ct. 2243 (2016).  *Butler*, ECF No. 117.  The court denied the motion as a second or successive petition for which Butler had failed to seek leave to file from the Eleventh Circuit.  *Butler v. United States*, No. 1:17-cv-21797, ECF Nos. 6, 12–13.  The circuit court denied a subsequent request for permission to file a second or successive § 2255 motion based on *Johnson* and *Mathis*.  *Id.*, ECF No. 8; *In re Butler*, No. 17-12573 (11th Cir. July 10, 2018).

On November 18, 2019, Butler filed a motion in the sentencing court titled as a petition for "actual innocence" and referencing 28 U.S.C. § 2255(e), in which he asserted claims pursuant to *Rehaif*, 139 S. Ct. 2191.  *Butler*, ECF No. 120.  On August 26, 2020, the court construed the petition as an § 2255 motion, noted that it was unauthorized, and determined that the court lacked jurisdiction to consider it.  *Butler*, ECF No. 121.  The court further rejected Butler's argument based on *Rehaif*, pointing to Eleventh Circuit law holding that "*Rehaif* does 'not announce a new rule of constitutional law' and does not suffice as grounds for the filing of an

---

[5] Respondent also cites to additional portions of the underlying record that describe Butler's prior convictions.  (Opp'n to Pet. 3, Dkt. No. 12.)

3

unauthorized successive § 2255 petition.  *Id.* at 3 (quoting *In re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019)).

Butler previously filed a § 2241 petition with this court, raising challenges to his special assessment.  Concluding that it lacked jurisdiction, this court dismissed his petition without prejudice on March 19, 2020.  *Butler v. Streeval*, No. 7:18-cv-00538 (W.D. Va. Mar. 19, 2020).

The Clerk received Butler's § 2241 petition in the case at bar on December 7, 2020, after the denial of his *Rehaif* motion in the sentencing court.  Respondent has filed an opposition and a request for dismissal (Dkt. No. 12), and Butler has filed a response (Dkt. No. 19).

### D.  Butler's *Rehaif* Claim

In his petition, Butler challenges his felon-in-possession conviction, pursuant to 18 U.S.C. § 922(g).  Section 922(g) makes it unlawful for certain individuals to possess firearms.  "The provision lists nine categories of individuals subject to the prohibition, including felons. . . . A separate provision, § 924(a)(2), adds that anyone who '*knowingly*' violates the first provision shall be fined or imprisoned for up to 10 years."  *Rehaif*, 139 S. Ct. at 2194; *see also* 18 U.S.C. § 922(g).  In *Rehaif*, the Supreme Court held that "the word 'knowingly' applies both to the defendant's conduct and to the defendant's status.  To convict a defendant, the Government therefore must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it."  139 S. Ct. at 2194.

Butler asserts that *Rehaif* "invalidates[his] guilty plea pursuant to a Fed. R. Crim. P. 11(b)(1)(G violation."  (Pet. 4, Dkt. No. 1.)  He argues that he was never informed, as required by *Rehaif*, that an additional element of his offense was that he knew his prohibited status at the time he possessed the firearm.  (*Id.* at 25.)  As a result, his guilty plea was not knowing and intelligent and must be vacated.  (*Id.*)

4

## II. DISCUSSION

Typically, a petitioner challenging the validity of his conviction or sentence must proceed under 28 U.S.C. § 2255 in the district where he was convicted. However, the "savings clause" in § 2255 allows a prisoner to challenge the validity of his conviction and/or his sentence by filing a § 2241 petition for writ of habeas corpus, if he demonstrates that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).[6] "[T]he remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion." *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (internal citations omitted).

In *Jones*, the Fourth Circuit explained that § 2255 is "inadequate or ineffective" to test the legality of a conviction when:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

328 F.3d at 333–34.

The requirements of the savings clause are jurisdictional. *United States v. Wheeler*, 886 F.3d 415, 423 (4th Cir. 2018). Thus, a § 2241 petitioner relying on the savings clause to challenge his conviction must satisfy each prong of the *Jones* test for the district court to have jurisdiction to evaluate the merits of the petitioner's claims. *Id.* at 426–29. Although the court must apply the procedural standard in *Jones*, "[i]n evaluating the substantive law in a § 2255(e) savings clause analysis, the court must 'look to the substantive law of the circuit where a defendant was convicted.'" *Hahn v. Moseley*, 931 F.3d 295, 300–01 (4th Cir. 2019). In this

---

[6] This provision "is commonly referred to as the 'savings clause' as it arguably saves § 2255 from unconstitutionally suspending habeas corpus." *Lester v. Flournoy*, 909 F.3d 708, 711 (4th Cir. 2018).

case, Butler was convicted in the Southern District of Florida, which is within the Eleventh Circuit. Thus, Eleventh Circuit substantive law governs Butler's petition, but the court looks to Fourth Circuit law concerning the availability of § 2241. *See id.*

Respondent's motion to dismiss first notes that respondent disagrees with the Fourth Circuit's "substantive framework" as to what claims can be brought in a § 2241 petition and believes that "*Jones* and its progeny are wrongly decided," preserving that issue for appeal. (Opp'n 7–9, Dkt. No. 12.) Respondent next moves to dismiss the petition based on the court's lack of jurisdiction. In particular, although respondent acknowledges that Butler's claim satisfies the first and third *Jones* requirements, (*id.* at 9 n.5), he argues that Butler's § 2241 petition fails to meet the second. (*Id.* at 13–15.) Respondent also contends that, even if the court had jurisdiction, Butler has procedurally defaulted his claims and failed to show cause and prejudice or "actual innocence" so as to overcome that default. (*Id.* at 15–22.) Lastly, respondent maintains that Butler's *Rehaif* claim fails on its merits. (*Id.* at 22–24.)

As part of the jurisdictional arguments, respondent dedicates a large portion of his brief to discussing the Fourth Circuit's decision in *Hahn v. Moseley*, 931 F.3d 295 (4th Cir. 2019), and its potential impact on the second requirement of *Jones*. Respondent argues that *Hahn* improperly—and in contrast to a number of prior Fourth Circuit decisions analyzing § 2241 claims under *Jones*—appears to treat the *Jones* requirements not as jurisdictional, but as if satisfying them entitled a petitioner to relief. He points out that *Hahn* "is ambiguous whether a showing that a change in substantive law rendered *this* defendant's conviction non-criminal is a component of *Jones*'s jurisdictional analysis or whether it is a separate merits question." (Opp'n 9.) As another court explained, in addressing apparently similar briefing from respondent before it,

> Respondent submits [that] *Hahn* can be read in two ways: (1) as requiring a district court to assess a petitioner's specific conduct to

6

> determine whether it remains criminal under a newly pronounced interpretation of law; or (2) as stating that any change to the substantive boundaries of a criminal offense satisfies the second element of *Jones*, clearing the path for . . . a court to conduct a merits analysis of whether the petitioner's conduct truly was criminal or vacatur of his conviction is appropriate.

*Albritton v. Warden, FCI Petersburg*, No. 1:20CV302, 2021 WL 3432845, at *2 (E.D. Va. Aug. 4, 2021).

      *Hahn* involved a change in the law quite different from *Rehaif*. *Rehaif* clarified the mens rea element of a § 922(g) offense (or, as some courts see it, added an element, *see Pleasant v. Streeval*, No. 7:20-CV-00233, 2022 WL 212704, at *2 (W.D. Va. Jan. 24, 2022)). By contrast, *Hahn* dealt with a change in Tenth Circuit law that disallowed a charge altogether unless that charge was based on different conduct than the defendant's other charges of conviction. *See generally Hahn* (discussing *United States v. Rentz*, 777 F.3d 1105 (10th Cir. 2015)). The way in which *Hahn* conducted its *Jones* analysis may have flowed in part from that distinction.

      In any event, to the extent that some of the language in *Hahn* is inconsistent with prior published panel decisions, the court must follow the earlier precedent. *McMellon v. United States*, 387 F.3d 329, 333 (4th Cir. 2003) (en banc) ("When published panel decisions are in direct conflict on a given issue, the earliest opinion controls, unless the prior opinion has been overruled by an intervening opinion from [the Fourth Circuit] sitting *en banc* or the Supreme Court."). And the court's reading of those prior cases, which has been followed by many district courts in addressing *Rehaif* claims in the context of § 2241, is that *Jones*'s second prong requires an assessment of the petitioner's conduct to determine whether he was convicted of conduct that is no longer criminal, effectively asking whether the petitioner still could be convicted of that crime after the change in law. *See Albritton*, 2021 WL 3432845, at *3 (noting the lack of clarity in *Hahn*, but following cases that have held that a change in the substantive law is itself

7

insufficient to satisfy the second element of *Jones*).[7] *Cf. Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (describing *Jones* as "delineating the circumstances in which § 2241 may be used to pursue" a claim that a defendant is "actually innocent of [an] offense yet procedurally barred from filing a § 2255 motion").

In particular, many district courts within the Fourth Circuit, including several judges of this court, have held that *Rehaif* did not change substantive law "such that the conduct of which the prisoner was convicted is deemed not to be criminal[,]" *Jones*, 226 F.3d at 334, because that conduct, being a felon in possession of a firearm, is still illegal. *See, e.g.*, *Asar v. Travis*, Civil Action No. 6:20-294-BHH, 2020 WL 3843638, at *2 (D.S.C. July 8, 2020) (concluding that the second *Jones* element was not satisfied because "being a felon in possession of a firearm remains a valid criminal offense" and petitioner admitted the facts essential to a conviction under § 922(g) by pleading guilty), *affirmed as modified*, 858 F. App'x 676 (4th Cir. Sept. 20, 2021) (affirming on the reasoning of the district court and citing to the district court's opinion); *see also Pleasant*, 2022 WL 212704, at *2 (noting that defendant had been convicted of multiple felony offenses in concluding that the second *Jones* prong was not satisfied); *Albritton*, 2021 WL

---

[7] If the court were to follow the alternative reading of *Hahn*, then Butler's petition would still be denied, albeit on its merits and with prejudice. "For reasons of finality, comity, and federalism, habeas petitioners 'are not entitled to habeas relief based on trial error unless they can establish that it resulted in 'actual prejudice.'" *Davis v. Ayala*, 576 U.S. 257, 267 (2015) (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)). The Fourth and Eleventh Circuits both have held that a petitioner bears the burden of showing he is entitled to habeas relief and to be entitled to relief, he must show that any error was not "harmless," but had a "substantial and injurious effect" on his conviction. *Holland v. Florida*, 775 F.3d 1294, 1314 (11th Cir. 2014); *United States v. Smith,* 723 F.3d 510, 517 (4th Cir. 2013). Butler cannot meet this burden.
    As the court's analysis in this opinion makes plain, *see generally infra*, Butler does not even allege that he did not know he was a felon at the time of the offense, and he points to no evidence to support any such allegation. Moreover, the record contains evidence from which a jury easily could have found that he knew he was a felon. Thus, he cannot show that he would have gone to trial had he been advised of *Rehaif*'s requirement that he must have known he was a felon. As respondent notes, if he had gone to trial under the *Rehaif*-required elements, he "would have had no viable defense to the government's proof of knowledge of status and, in fact, would have almost certainly stipulated to those elements under *Old Chief* [*v. United States*, 519 U.S. 172, 191 (1997)] to avoid introducing all such evidence of the criminal record to the jury." (Opp'n at 24, Dkt. No. 12.) Thus, Butler has not shown a "substantial and injurious" effect on his conviction. So even if the court had jurisdiction, Butler would not be entitled to relief. *Cf. Greer*, 141 S. Ct. at 2100 (explaining that the plain error test applies to "discrete defects" in a criminal proceeding, such as "the omission of a single element from jury instructions or a required warning from a Rule 11 plea colloquy"; such defects are not "structural errors" subject to automatic reversal).

3432845, at *3 (concluding petitioner's conduct remained criminal); *Carrucini v. Warden of U.S.P. Lee*, No. 7:19CV00861, 2021 WL 431739, at *4 (W.D. Va. Feb. 8, 2021) (ruling that petitioner's *Rehaif* claim could not proceed under § 2241 because he could not establish the second *Jones* prong); *Erby v. Breckon*, No. 7:18-cv-00588, 2020 WL 1443154, at *7 (W.D. Va. Mar. 24, 2020) (collecting cases holding same), *aff'd*, No. 20-6814, 2021 WL 6101845 (4th Cir. Dec. 22, 2021); *Swindle v. Hudgins*, No. 5:19-cv-300, 2020 WL 469660, at *2 (N.D. W. Va. Jan. 29, 2020) ("Here, the crimes for which petitioner was convicted remain criminal offenses; accordingly, he cannot satisfy the second prong of *Jones*.").[8] *But see Moore v. Warden of FCI Edgefield*, __ F. Supp. 3d __, No. 9:20-cv-02089-TLW, 2021 WL 3828828, at *5–8 (D.S.C. Aug. 27, 2021) (disagreeing with the reasoning of decisions cited in the preceding paragraph and concluding that the second *Jones* requirement was satisfied by a similar *Rehaif* challenge, but nonetheless rejecting the claim both (1) because it was procedurally defaulted and the petitioner could not show "cause and prejudice" or that he was "actually innocent," and (2) because his claim would fail on the merits regardless).

Butler does not allege that he did not know he fell into a prohibited category, nor does he identify or point to any evidence to show that he did not know he was a felon at the time he possessed the firearm. In addition, there is ample proof in the record to support the knowledge-of-status element. On this issue, and although it involved direct appeals rather than collateral attacks, the Supreme Court's decision in *Greer* is instructive.

*Greer* was a consolidated appeal from a Fourth Circuit case, *United States v. Gary*, 954 F.3d 194 (4th Cir. 2020), and an Eleventh Circuit case, *United States v. Greer*, 798 F. App'x 483

---

[8] As is evident from the foregoing citations, two of the cases (*Asar* and *Erby*) have been affirmed by the Fourth Circuit, albeit in unpublished, per curiam decisions. *See also Rhodes v. Dobbs*, 858 F. App'x 658 (4th Cir. Sept. 17, 2021) (affirming district court's denial of § 2241 petition for lack of jurisdiction based on a failure to satisfy the second *Jones* prong and finding no reversible error); *Allen v. Dobbs*, 855 F. App'x 162 (4th Cir. Aug. 10, 2021) (same). The Fourth Circuit has not spoken in a published decision on the issue.

(11th Cir. 2020). In the Eleventh Circuit case, the defendant had gone to trial. Gary, like Butler here, had pled guilty to the offense, and the district court had failed to advise him during the plea colloquy that, if he went to trial, a jury would have to find that he knew he was a felon. *Greer*, 141 S. Ct. at 2096. Reviewing for plain error, the Court explained that to succeed on direct appeal, Gary had to show that, "but for the *Rehaif* error during the plea colloquy, there is a reasonable probability that he would have gone to trial rather than plead guilty." *Id.* at 2097.

The Court noted that defendants like Gary and Greer face "an uphill climb," reasoning that "[i]f a person is a felon, he ordinarily knows he is a felon." *Id.*; *see also id.* ("Felony status is simply not the kind of thing that one forgets.") (citing *Gary*, 963 F.3d at 423 (Wilkinson, J., concurring in denial of reh'g en banc)). The defendants in *Greer* could not meet their burden, and the court's explanation is apt here:

> Before their respective felon-in-possession offenses, both Greer and Gary had been convicted of multiple felonies. Those prior convictions are substantial evidence that they knew they were felons. Neither defendant has ever disputed the fact of their prior convictions. At trial, Greer stipulated to the fact that he was a felon. And Gary admitted that he was a felon when he pled guilty. Importantly, on appeal, neither Greer nor Gary has argued or made a representation that they would have presented evidence at trial that they did not in fact know they were felons when they possessed firearms. Therefore, Greer cannot show that, but for the *Rehaif* error in the jury instructions, there is a reasonable probability that a jury would have acquitted him. And Gary likewise cannot show that, but for the *Rehaif* error during the plea colloquy, there is a reasonable probability that he would have gone to trial rather than plead guilty.

*Id.* at 2097–98.

The *Greer* court's reasoning applies with equal force to Butler's *Rehaif* claim. First, like Gary, Butler admitted that he was a felon when he pled guilty. Second, like Gary, Butler previously had been convicted of *multiple* felonies. Indeed, he was determined to be a career offender under the sentencing guidelines. Third—and importantly—Butler previously had been

10

convicted of a felon-in-possession offense. In light of his criminal history, there is no basis for him to claim that he did not know he was a felon.

Based on the foregoing, the court concludes that Butler cannot demonstrate that the conduct for which he was convicted is no longer a crime. *See Jones*, 328 F.3d at 334. Because jurisdiction over his § 2241 petition is lacking, *see Wheeler,* 886 F.3d at 423, the petition must be dismissed without prejudice.

As a final note, Butler's reliance on the Fourth Circuit's decision in *Lockhart*, 947 F.3d 187 (4th Cir. 2020), also is misplaced. Like Butler, Lockhart pled guilty to a felon-in-possession charge. *Id.* at 190. But there are few other similarities between Lockhart and Butler. Lockhart was sentenced as an armed career criminal, pursuant to 18 U.S.C. § 924(e), which increased his statutory sentencing exposure. *Id.* Butler was not, although he was classified as a career offender pursuant to United States Sentencing Guideline § 4B1.1. Sent. Tr. 12–16, *Butler*, ECF No. 93. In *Lockhart*, it was the combination of an error during the plea colloquy (being misinformed as to his potential sentencing exposure to a significant degree), as well as a *Rehaif* issue, that led the appellate court to vacate the conviction and remand the case to the district court for further proceedings.[9] *Lockhart*, 947 F.3d at 197 (noting that these errors "in the aggregate" were "sufficient to undermine confidence in the proceeding," but emphasizing that the court was not deciding "whether a standalone *Rehaif* error requires automatic vacatur of a defendant's plea"). Butler has alleged no such misinformation about his sentencing exposure. Thus, *Lockhart* is factually distinguishable and does not support Butler's request for habeas relief.

---

[9] The *Lockhart* court "limited its holding to its unique facts . . . ." *Gary*, 954 F.3d at 200; *see also Lockhart*, 947 F.3d at 196–97 (noting "procedural and factual circumstances of this case").

## III.  CONCLUSION

For the reasons stated, the court concludes that it lacks jurisdiction over Butler's petition. Accordingly, the court will dismiss the case without prejudice.

Entered: March 22, 2022.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge